UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00092-JAW |
| | ) | |
| TALEEK McFADDEN | ) | |

**ORDER ON GOVERNMENT'S EX PARTE MOTION UNDER SEAL**

The Court dismisses without prejudice the Government's ex parte motion on the ground that the motion does not meet the criteria for filing on an ex parte basis.

**I.   STATEMENT OF FACTS**

On June 20, 2012, Taleek McFadden waived indictment and pleaded guilty to an information, alleging that he knowingly and intentionally distributed cocaine base, a violation of 21 U.S.C. § 841(a)(1).  *Waiver of Indictment* (ECF No. 18); *Information* (ECF No. 19); *Minute Entry* (ECF No. 23).  During the Rule 11 hearing, Mr. McFadden admitted the contents of a Prosecution Version and acknowledged that the Government could prove that on December 15, 2011, he had sold crack cocaine weighing 1.2 grams to a cooperating witness.  *Prosecution Version* at 1-3 (ECF No. 22).

In anticipation of sentencing, the Probation Office (PO) prepared a Presentence Report and based on statements of the cooperating witness, it concluded that Mr. McFadden had sold crack cocaine to the cooperating witness at least fifty times since June 2011 and that each purchase was for a $20 bag weighing .2 grams.  Second Revised Presentence Investigation Report at 3 (October 5, 2012)

(PSR). Based on this statement and on the controlled purchase of December 15, 2011, the Probation Office found a drug quantity of 11.2 grams. *Id.* This drug quantity results in a base offense level of twenty. *Id.* at 4 (citing United States Sentencing Guidelines (U.S.S.G.) § 2D1.1(c)(10)). Under the PO's calculations, Mr. McFadden is facing a guideline sentence range of thirty-three to forty-one months. *Id.* at 9.

Mr. McFadden objected to the drug quantity calculation, saying that the cooperating witness's unverified recollection as to the number and quantity of prior drug purchases should not be credited. To support the PO's calculations, the Government intends to call the cooperating witness to testify at Mr. McFadden's sentencing hearing, currently scheduled for November 27, 2012. On October 17, 2012, the Government filed an ex parte motion under seal, asking the Court to determine whether some of the information contained in the cooperating witness's Pretrial Services Report and Presentence Report, specifically the witness's drug and alcohol use and mental and medical history, must be disclosed under an order of protection. *Gov't's Ex Parte Mot. Under Seal* at 7 (ECF No. 27) (*Gov't's Mot.*).

## II.   THE GOVERNMENT'S POSITION

The Government contends that "the information contained in the two documents does not tend to negate defendant McFadden's guilt (he has already pleaded guilty and admitted to a factual basis) or mitigate his punishment in the instant case." *Gov't's Mot.* at 1-2. Citing 18 U.S.C. § 3153(c)(1), the Government says that the law protects "information obtained in the course of performing pretrial

services functions" and that this information may be used "only for the purpose of a bail determination and shall otherwise be confidential." *Id.* at 2-3. The Government further notes that most of the caselaw on discovery of impeachment deals with the trial, not sentencing stage of the criminal process. *Id.* at 3-5. Finally, the Government says that ethical obligations under the Maine Bar Rules and the Michigan Rules of Professional Conduct may require the disclosure of impeachment evidence. *Id.* at 2, n.1, 6-7.

### III. DISCUSSION

Although the Government has not cited the rule under which it is proceeding, it is presumably Rule 16(d)(1) of the Federal Rules of Criminal Procedure, which permits a court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" for good cause. FED. R. CRIM. P. 16(d)(1). The Rule allows a party "to show good cause by a written statement that the court will inspect ex parte." *Id.*

The First Circuit has acknowledged that ex parte procedures "raise extremely serious issues." *United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993). It wrote:

> Outside of emergencies, *see* FED. R. CIV. P. 65(b) (temporary restraining orders), the *ex parte* submission of information from a party to the court and the court's ruling on that information without notice to or participation of the opposing party is fundamentally at odds with our traditions of jurisprudence, and can be justified only in the most extraordinary circumstances.

*Id.* (internal citation omitted). In *Innamorati*, the First Circuit gave some examples of instances where an ex parte procedure would be appropriate, including

where the disclosure would jeopardize an ongoing criminal investigation, where the information relates to national security, or where the information relates to a confidential government informant. *Id.* The Advisory Committee Notes observed that this provision could be used where "there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." FED. R. CRIM. P. 16 advisory committee's note (1974 Amendment). The Advisory Committee warned, however, that "ex parte proceedings are disfavored and not to be encouraged." FED. R. CRIM. P. 16 advisory committee's note (1975 Enactment). Similarly, the Seventh Circuit in *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987), a case cited in *Innamorati*, said that "ex parte communications between the trial court and the prosecution in a criminal case are to be greatly discouraged and should be permitted only in very limited circumstances." *Id.* at 1316; *see also United States v. Barnwell*, 477 F.3d 844, 851 (6th Cir. 2007) ("Other circuits have found that matters of national security or the safety of witnesses or jurors may warrant careful consideration of whether *limited ex parte* communications should be allowed") (internal citations omitted).

Here, the Government has not asserted that any of the narrow exceptions for an ex parte motion apply to this case. *See* 2 CHARLES ALAN WRIGHT & PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 262, at 200-01 (4th ed. 2009) (noting that the two strongest cases for proceeding ex parte are where national security or the identity of a witness is involved). Accordingly, the Court declines to grant relief to the Government on an ex parte basis. The Government is of course free to seek

the relief it requests upon notice to the Defendant. As to the Government's "Catch-22" concern that once revealed, the information about the confidential informant will no longer be confidential, it is not unusual that similar motions are filed with proposals to restrict access and are drafted in such a way as to minimize disclosure while informing defense counsel of the general basis of the Government's position so that the Defendant may be heard.

## IV. CONCLUSION

The Court DISMISSES without prejudice the Government's Ex Parte Mot. Under Seal (ECF No. 27).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2012